FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 15  AM 11: 42

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOYAL WHITE | CIVIL ACTION |
| VERSUS | NO. 05-6855 |
| RICHARD STALDER, ET AL. | SECTION "B"(3) |

### TRANSFER ORDER

Petitioner, LOYAL WHITE, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1991 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) There was insufficient evidence to support the conviction for attempted aggravated rape;

2) The trial court relied on materially false information in sentencing petitioner;

3) His sentence was illegally enhanced;

4) Ineffective assistance of counsel.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled Loyal White v. Burl Cain, Warden, Civil Action 97-1066 "J"(3). In that petition, petitioner raised the following grounds for relief:

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep____
___ Doc. No ____

1) There was insufficient evidence to support the conviction for attempted aggravated rape;

2) He was the victim of multiplicity in the indictment, that the burglary and the attempted rape were really one crime charged in two counts;

3) He complains of errors in the multiple offender adjudication;

4) The conviction for possession of stolen property should not have been used as a predicate felony;

5) He received ineffective assistance of counsel;

6) Counsel should have requested a jury charge that obscenity was a responsive verdict to attempted aggravated rape;

7) Counsel did not impeach the victim's detailed testimony by contrasting it with the scant information in the police report.

That petition was dismissed with prejudice on the merits by Judgment entered May 5, 1998. The Fifth Circuit Court of Appeal denied petitioner's motion for a certificate of appealability. See White v. Cain, 98-30534 (5th Cir. 1998).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

2

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that LOYAL WHITE's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 14th day of March, 2006.

_____
IVAN R. LEMELLE
UNITED STATES DISTRICT JUDGE